UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LOGAN, <br> Plaintiff, <br> v. <br> R. J. RACKLEY, <br> Defendant. | Case No. 16-cv-02979-JSW <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION TO PROCEED AS NEXT FRIEND** <br><br> (Dkt. No. 26) |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Two of his claims --- that his arrest was obtained in violation of his Fourth Amendment rights and that the one-year sentence on one of the robbery counts should not have been consecutive to the sentence on the other counts ---- were denied because they do not present cognizable bases for federal habeas relief. He has one remaining claim, that his lawyers at trial and on appeal were ineffective because they failed to challenge the validity of his arrest on Fourth Amendment grounds. The parties were directed to file supplemental briefs addressing this claim, which they have done. For the reasons explained below, the petition is DENIED.

On March 10, 2011, Detective Cassandra Smith of the Pittsburg Police Department discovered that Petitioner had not registered as a sex offender within five days of his birthday, as he was required to do. She also discovered that on February 25, 2011, the Concord Police Department had issued a warrant for Petitioner's arrest for robbery. Smith and other officers arrested Petitioner at his apartment complex on Friday, March 18, 2011. The following Tuesday, March 22, 2012, the prosecutor filed a complaint on two charges of robbery, and a *Ramey* warrant was issued finding probable cause to arrest Petitioner on the charges in the complaint.[1] The

---

[1] The warrant was issued pursuant to California Penal Code Section 817 and *People v. Ramey*, 16 Cal.3d 263 (1976), which is for a suspect at his home address obtained by a police agency by going

following day, Petitioner was arraigned on the robbery charges. He was eventually convicted of robbery and using a dangerous weapon, and he was sentenced to a term of five years and four months in state prison. The instant petition challenges the robbery conviction and sentence.

Petitioner claims that his trial and appellate lawyers should have argued that his arrest violated the Fourth Amendment because the *Ramey* arrest warrant was issued after his arrest. The Sixth Amendment guarantees a criminal defendant guarantees effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A federal habeas petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, and prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Claims of ineffective assistance of appellate counsel fall under the Due Process Clause, not the Sixth Amendment, but they are reviewed according to the standard set out in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Petitioner's lawyers did not perform deficiently in failing to argue that his arrest violated the Fourth Amendment because the record shows that it was supported by probable cause, as well as a valid warrant. The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). The probable cause supporting the arrest consisted of the records demonstrating that Petitioner had not complied with the sex offender registration laws, as well as the outstanding arrest warrant from the Concord Police Department. Although an additional arrest warrant was issued after Petitioner's arrest, at the time he was arrested, there was a warrant for his arrest for robbery from February 25, 2011. Petitioner's trial and appellate lawyers could not successfully argue that Petitioner's arrest violated his Fourth Amendment rights because there was probable cause and a valid warrant for his arrest.

---

directly to a judge and bypassing the district attorney.

2

As a result, the lawyers' failure to challenge Petitioner's arrest on Fourth Amendment grounds was neither deficient nor prejudicial under *Strickland*, and did not violate Petitioner's constitutional rights to the effective assistance of trial and appellate counsel.

As Petitioner's remaining claim for federal habeas relief fails, his petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253 (c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The motion to proceed as "next friend" for Petitioner is DENIED as moot based upon the denial of the petition. Such a motion may be renewed if necessary for the purpose of any appeal.

The Clerk shall enter judgment in favor of the Respondent and close the file.

**IT IS SO ORDERED.**

Dated: April 4, 2018

_____
JEFFREY S. WHITE
United States District Judge